UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| LEE CARDA, | ) | CIV. 04-5036-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| E.H. OFTEDAL & SONS, INC., a Montana corporation; JOHN DOE No. 1; Officer; JOE DOE No. 2, Officer; JOHN DOE No. 3, Officer; JOHN DOE No. 4, Officer; JOHN DOE No. 5, Officer; JOHN DOE No. 6, Project Manager; JOHN DOE No. 7, Project Manager; JOHN DOE No. 8, Superintendent; and JOHN DOE No. 9, Superintendent; | ) ) ) ) ) ) ) ) ) ) ) | ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ADMISSIBILITY OF EVIDENCE |
| Defendants. | ) | |

Plaintiff, Lee Carda, sued defendant E.H. Oftedal & Sons, Inc., for allegedly failing to pay overtime in violation of the Fair Labor Standards Act (FLSA). While working for Oftedal, Carda was told to record 40 hours per week on his timecard regardless of how many hours he had actually worked in a particular week. After Carda filed his lawsuit, Oftedal began to keep an accurate record of its salaried employees' actual work hours. On September 23, 2004, Oftedal moved to exclude any reference to this policy change as evidence of subsequent remedial conduct pursuant to Fed. R. Evid. 407.

According to Rule 407, "[w]hen, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury

or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence [or] culpable conduct . . . . This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment." Following a hearing on this motion and several other issues, the court granted Oftedal's motion to suppress evidence on November 24, 2004.

Carda moves the court to reconsider its decision based on Oftedal President Hal Fluglevand's statement on December 14, 2004, that he would not have paid Carda overtime even if he had kept an accurate record of his weekly work hours. Carda contends that because the policy change would not have prevented the alleged violation of the FLSA, it was not a measure that "would have made the injury or harm less likely to occur." Carda relies on Dow Chemical Corp. v. Weevil-Cide Co., 897 F.2d 481, 487 (10th Cir. 1990), for the proposition that a measure that makes the harm less likely to occur should not be excluded under Rule 407.

Rule 407 "rejects the notion that 'because the world gets wiser as it gets older, therefore it was foolish before.'" Fed. R. Evid. 407 advisory committee's note. The exclusion supports the public policy of preventing a party from being punished for making positive changes. Id. The court finds that the underlying rationale for Rule 407 still applies, despite Fluglevand's testimony. Additionally, the policy change is irrelevant to Carda's overtime claim. See Fed. R. Evid. 402.

In response to Carda's motion to reconsider and his assertion that the evidence should be admitted for impeachment, Oftedal requests that the court supplement its previous order to specifically exclude the evidence for impeachment purposes. Oftedal contends that the evidence is more prejudicial than probative, and that even if it were otherwise admissible, it should be excluded under Fed. R. Evid. 403. The court finds that the evidence is admissible under Rule 407 if offered for impeachment purposes. The court finds that Oftedal would not be unfairly prejudiced by the admission of the evidence and the evidence is not likely to cause confusion among the jurors. Furthermore, if there is prejudice to Oftedal, any such prejudice is outweighed by the probative value of the impeachment. Thus, before plaintiff presents such evidence for impeachment purposes, plaintiff should request a hearing outside of the presence of the jury so that the court can determine whether it is proper impeachment. Oftedal's request to exclude the evidence for impeachment purposes is also denied. Accordingly, it is hereby

ORDERED that plaintiff Carda's motion to reconsider is denied.

Dated March 23, 2005.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

3