UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| LEE CARDA, | ) | CIV.  04-5036-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| E.H. OFTEDAL & SONS, INC., a | ) | ORDER |
| Montana corporation; JOHN DOE | ) | |
| No. 1; Officer; JOE DOE No. 2, | ) | |
| Officer; JOHN DOE No. 3, Officer; | ) | |
| JOHN DOE No. 4, Officer; JOHN | ) | |
| DOE No. 5, Officer; JOHN DOE | ) | |
| No. 6, Project Manager; JOHN | ) | |
| DOE No. 7, Project Manager; | ) | |
| JOHN DOE No. 8, Superintendent; | ) | |
| and  JOHN DOE No. 9, | ) | |
| Superintendent; | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Lee Carda, moves for partial summary judgment on the issue of whether defendant E.H. Oftedal & Sons, Inc., (Oftedal) is an enterprise for purposes of the Fair Labor Standards Act (FLSA), whether the executive exemption applies to this case, and on Oftedal's barratry and breach of loyalty counterclaims.  Carda also moves to exclude as evidence inadvertently disclosed attorney-client communications.

## LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

### 1.    Multiple Motions for Partial Summary Judgment

South Dakota Local Rule 56.1(B) requires the party moving for summary judgment to "annex[ ] to the motion a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried.  Each material fact in this Local Rule's required statement shall be presented in a separate, numbered statement and with an appropriate citation to the record in the case."  The opposing party is then obligated by Local Rule 56.1(C) to "include a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.  The opposition shall respond to each numbered paragraph in the

2

moving party's statement with a separately numbered response and appropriate citations to the record."

Here, neither party complied with Local Rule 56.1.  As a result, the court is unable to determine whether any genuine issues of material fact are in dispute.  Thus, partial summary judgment is denied on all issues.

**2.      Motion to Exclude Evidence as to How Carda Obtained Work Records**

Carda moves to exclude any reference as to how he obtained Oftedal work records and employment policies on the grounds that it is not relevant evidence.  Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  The court finds that this evidence is not relevant because it does not support or refute any facts related to the underlying FSLA claim or affirmative defenses.  The court grants Carda's motion to exclude references as to how he obtained Oftedal work records and employment policies.

**3.      Motion to Exclude Attorney-Client Privileged Communications**

Carda moves to exclude from admission as evidence a letter from him to his attorney that was accidentally produced to Oftedal on a CD of evidence during discovery.  Carda maintains that it is a privileged attorney-client communication, which must be excluded.  Oftedal asserts that Carda waived the privilege by including it on the CD.

3

Unless jurisdiction is based on diversity of citizenship, federal common law governs privilege issues.  Fed. R. Evid. 501.  See also Gray v. Bicknell, 86 F.3d 1472, 1482 (8th Cir. 1996).  Here, jurisdiction is based on a federal question and the parties agree that federal common law governs the privilege issue.  The Eighth Circuit has not reached the question of the standard to be applied on the issue of whether documents claimed to be privileged may be withdrawn when they are inadvertently produced in discovery.  Pavlik v. Cargill, Inc., 9 F.3d 710, 713 (8th Cir. 1993).  But it did recognize that other jurisdictions reaching the question have adopted three approaches:  the lenient approach, the strict approach, and the middle approach (or Hydraflow) approach.  Id. at 713.  See also Gray, 86 F.3d at 1483.

Under the lenient approach, the privilege exists for the benefit of the client.  Gray, 86 F.3d at 1483.  It can only be waived knowingly and intentionally.  Id.  The determination of inadvertence is the end of the analysis.  Id.  Under the strict approach, "any document produced, either intentionally or otherwise, loses its privileged status with the possible exception of situations where all precautions were taken."  Id.  The middle test involves a five-part analysis considering the reasonableness of the precautions taken, the number of inadvertent disclosures, the extent of the disclosures, the promptness of measures taken to correct the disclosure, and whether the interests of justice are served by relieving the party of its error.  Gray, 86 F.3d at 1483-84.

4

In <u>Gray</u>,[1] the Eighth Circuit analyzed cases from several jurisdictions on inadvertent waiver of the attorney-client privilege in order to predict which approach the Missouri Supreme Court would adopt after finding that the issue was one of first impression in Missouri.  86 F.3d at 1482-83.  The Eighth Circuit Court of Appeals found that Missouri courts would adopt the middle test because it "strikes the appropriate balance between protecting attorney-client privilege and allowing, in certain situations, the unintended release of privileged documents to waive that privilege." <u>Gray</u>, 86 F.3d at 1484.  The middle test is fair because it "accounts for the errors that inevitably occur in modern, document-intensive litigation, but treats carelessness with privileged material as an indication of waiver." <u>Id.</u>  The test also gives the trial court broad discretion to determine whether a party waived its privilege, and if so, the extent of the waiver.  <u>Id.</u>

Although it was analyzing inadvertent waiver of privilege under Missouri law, the Eighth Circuit Court of Appeals concluded that the middle test was the most equitable test.  This court sees no reason to believe that the Eighth Circuit would use a different test when analyzing privilege under federal

---

[1]<u>Gray</u> was a breach of contract case with diverse parties, decided under Missouri law.  86 F.3d at 1478-79.  Because there was no statute or caselaw on inadvertent disclosure of privileged material, the Eighth Circuit Court of Appeals had to determine how the Missouri Supreme Court would resolve the dispute. <u>Id.</u> at 1482.

common law.  Accordingly, this court finds that the middle test is the proper approach to determine whether Carda waived the attorney-client privilege.

Under this test, the court should consider the reasonableness of the precautions taken, the number of inadvertent disclosures, the extent of the disclosures, the promptness of measures taken to correct the disclosure, and whether the interests of justice are served by relieving the party of its error.  Id. at 1483-84.  Regarding the reasonableness of the precautions taken to prevent accidental disclosure of privileged documents,  Jason M. Smiley, one of Carda's attorneys, stated under oath that he reviewed the CD before sending it to Oftedal's attorney, Ron Schmidt.  Smiley stated that he did not recall seeing Carda's letter on the CD.  Myrna Meyers, who is Schmidt's legal secretary, stated under oath that when she inserted the disc into her computer and opened the "E" drive, she saw that the disk contained two items, one labeled "Don_K.doc" under the icon of a piece of paper with the symbol for "Word," and the other labeled "Salaried" under the icon of a yellow folder.  The Microsoft Word document is the privileged letter from Carda to his attorney Donald Knudsen.  The yellow folder document contains hundreds of subfolders which each contain a photograph of a time card.  Oftedal also submitted a printout that depicts the CD menu that shows the folder and the Microsoft Word document.  Carda did not contest the validity of Meyers' testimony.  A quick glance at the CD menu would have revealed the presence of the letter.

6

Furthermore, Smiley did not have another person double-check the discovery materials to ensure that he did not disclose privileged documents.  Accordingly, the court finds that counsel for Carda did not take reasonable precautions to prevent the disclosure of privileged material.  Cf. United States ex rel. Bagley v. TRW, Inc., 204 F.R.D. 170, 179 (C.D. Cal. 2001) (review by attorney and one other person is a reasonable procedure).  This factor weighs in favor of Oftedal.

When the amount of material disclosed is very small compared to the volume of discovery, this factor weighs against waiver of the attorney-client privilege.  See Aramony v. United Way of America, 969 F. Supp. 226, 238 (S.D.N.Y. 1997).  In this case, there was only one disclosure.  This factor weighs in favor of Carda.

As to promptness of measures taken to correct the disclosure, Smiley wrote a letter to Schmidt on July 21, 2004, informing him that the letter was privileged and that he planned to file a motion to suppress.  This was two days after he discovered the disclosure, and about five weeks after he inadvertently disclosed the letter.  The court finds that mailing a letter two days after discovering the disclosure is prompt, and weighs in favor of finding that Carda did not waive his privilege.  See Aramony, 969 F. Supp. at 237 (response was reasonably prompt when attorney faxed demand for return of inadvertently disclosed information less than 24 hours after being notified of the problem).

7

The remaining factors weigh in favor of Oftedal.  The extent of the disclosure was minor.  The interests of justice are served by denying Carda's motion to exclude the letter because the disclosure could have easily been prevented by merely a cursory review of the CD's menu.  After considering all five factors, the court finds that Carda waived the privilege as to the letter.  As noted above, the middle test "accounts for the errors that inevitably occur in modern, document-intensive litigation, but treats carelessness with privileged material as indication of waiver."  Gray, 86 F.3d at 1484.  The motion to exclude the note based on privilege is denied.  Accordingly, it is hereby

ORDERED that plaintiff Carda's motions for partial summary judgment (Dockets 33, 34, and 71) are denied; the motion to exclude evidence as to how Carda obtained work records (Docket 36)is granted; and the motion to exclude attorney-client privileged communications (Docket 36) is denied.

Dated April 28, 2005.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

8