UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| LEE CARDA, | ) | CIV. 04-5036-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| E.H. OFTEDAL & SONS, INC., a | ) | |
| Montana corporation; JOHN DOE | ) | |
| No. 1; Officer; JOE DOE No. 2, | ) | ORDER DENYING OFTEDAL'S |
| Officer; JOHN DOE No. 3, Officer; | ) | MOTION TO RECONSIDER THE |
| JOHN DOE No. 4, Officer; JOHN | ) | COURT'S ORDER STRIKING ITS |
| DOE No. 5, Officer; JOHN DOE | ) | SECOND COUNTERCLAIM |
| No. 6, Project Manager; JOHN DOE | ) | |
| No. 7, Project Manager; JOHN DOE | ) | |
| No. 8, Superintendent; and JOHN | ) | |
| DOE No. 9, Superintendent; | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Lee Carda, sued defendant E.H. Oftedal & Sons, Inc., (Oftedal) for allegedly failing to pay overtime in violation of the Fair Labor Standards Act (FLSA). Oftedal sought to amend its counterclaim adding a state-law claim for fraud and deceit, together with other state-law claims. The court heard oral arguments on Oftedal's motion and several other motions on November 1, 2004. During the hearing, the court granted Oftedal's motion to amend its counterclaim, except for its counterclaim alleging fraudulent and/or deceitful conduct after finding that this proposed counterclaim did not plead the fraud and deceit claim with specificity as required by state law. On November 24, 2004, the court entered a written order denying Oftedal's motion for leave to

amend its answer as to its proposed fraud and deceit counterclaim. On January 28, 2005, Oftedal filed a motion to reconsider the court's order denying its proposed amended counterclaim for fraud and deceit.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Leave to amend may be denied, however, upon a showing of a good reason for denial, "such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment[.]" Becker v. University of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999). Here, Oftedal's motion for reconsideration was filed almost three months after the court's oral order denying the motion to amend and well past the deadline for motions to amend pleadings of August 31, 2004. Oftedal has not shown good cause for the court to extend the previously ordered deadlines and the court finds that failure to comply with the court ordered deadlines constitutes undue delay.

Furthermore, the motion was filed after the discovery deadline of December 31, 2004, and after the second deposition of Oftedal's designated representative, Hal Fugelvand, on December 14, 2004. Carda contends that if the amendment is allowed, he would be prejudiced because the discovery deadline has already passed. The court agrees and finds that Carda has shown that he would be unfairly prejudiced by an amendment at this late date.

In addition, the court finds that the amendment would be futile. South Dakota law requires that all claims of fraud must be "stated with particularity." Holy Cross Parish v. Huether, 308 N.W.2d 575, 576 (S.D. 1981). See also Bruske v. Hille, 567 N.W.2d 872, 876 (S.D. 1997). The proposed amended counterclaim does not meet this standard. Oftedal alleges that the counterclaim is sufficient to allege deceit within the meaning of SDCL 20-10-1(3) which defines deceit as: "[t]he suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact[.]" The proposed counterclaim does not allege, however, that Carda was in a position of one who is bound to disclose overtime pay information.

Oftedal relies on the case of George Lawley & Son Corp. v. South, 140 F.2d 439, 442 (1st Cir. 1944), as support for its position that Carda had a duty to disclose pay information. In Lawley, Judge Woodbury opined that the plaintiff had a duty as treasurer and director to bring to the attention of other officers of his corporate employer the provisions of the Fair Labor Standards Act. This portion of the Lawley opinion, however, is the dissent. Judge Woodbury follows his opinion by noting that his associates do not share this view and they conclude that the Fair Labor Standards Act "must be applied literally according to its words and recovery allowed for the full amount permitted by the Act." Id.

3

at 443. Because a majority of the three judge panel found no duty on the part of the employee, this case is not support for Oftedal's position.

Oftedal points out that the defendant in Lawley was allowed to submit a deceit claim to the jury. Unlike Carda, the plaintiff was an officer of the corporation who owed the defendant a fiduciary duty, and the defendant had evidence that he intentionally under-reported his work hours. See id. at 443. Additionally, there is more recent and far more persuasive authority holding that a defendant may not bring state law counterclaims against an employee asserting his rights under the FLSA because it would violate the Supremacy Clause of the United States Constitution and undermine Congress's intent to provide a remedy for workers cheated out of overtime pay. See Lyle v. Food Lion, Inc., 954 F.2d 984 (4th Cir. 1992) (upholding dismissal of state law counterclaim because the FLSA would not allow the defendant to indemnify itself for its own violations of the Act). See also LeCompte v. Chrysler Credit Corp., 780 F.2d 1260, 1264 (5th Cir. 1986).

For all the reasons set forth herein, it is hereby

ORDERED that Oftedal's motion to reconsider (Docket 83) is denied.

Dated April 28, 2005.

                                            BY THE COURT:

                                            /s/ *Karen E. Schreier*
                                            KAREN E. SCHREIER
                                            UNITED STATES DISTRICT JUDGE