UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| LEE CARDA, | ) | CIV. 04-5036-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | OPINION AND |
| | ) | ORDER GRANTING IN PART |
| E.H. OFTEDAL & SONS, INC., a | ) | AND DENYING IN PART |
| Montana corporation; JOHN DOE No. | ) | PLAINTIFF'S MOTION TO |
| 1; Officer; JOE DOE No. 2, Officer; | ) | STRIKE |
| JOHN DOE No. 3, Officer; JOHN | ) | |
| DOE No. 4, Officer; JOHN DOE No. 5, | ) | |
| Officer; JOHN DOE No. 6, Project | ) | |
| Manager; JOHN DOE No. 7, Project | ) | |
| Manager; JOHN DOE No. 8, | ) | |
| Superintendent; and  JOHN DOE | ) | |
| No. 9, Superintendent; | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Lee Carda, sued defendant E.H. Oftedal & Sons, Inc., (Oftedal) for allegedly failing to pay overtime in violation of the Fair Labor Standards Act (FLSA). Oftedal's answer sets forth multiple defenses. Carda moves pursuant to Fed. R. Civ. P. 12(f) to strike as insufficient as a matter of law Oftedal's third, fourth, and fifth affirmative defenses, which allege that Carda is not an exempt employee, waiver and estoppel, and fraud and/or deceit.

Rule 12(f) provides that "[u]pon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the

pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While the court has broad discretion, "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" Stanbury Law Firm, P.A., v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977). "A motion to strike a defense should not be granted when the sufficiency of the defense depends upon disputed issues of fact or unclear questions of law." United States v. Walerko Tool and Engineering Corp., 784 F. Supp. 1385, 1387 (N.D. Ind. 1992).

Oftedal opposes the motion and contends that the motion was untimely filed. Because Rule 12(f) also authorizes the court to act upon the court's initiative at any time, the time limitations in Rule 12(f) should not be applied strictly when the motion seems to have merit. United States v. Lot 65 Pine Meadow, 976 F.2d 1155, 1157 (8th Cir. 1992). As discussed below, at least a portion of the motion to strike has merit and thus the court will not strictly apply the time limits under Rule 12(f).

Oftedal has raised the affirmative defense of estoppel and waiver in its third and fourth defenses. Oftedal contends that Carda did not at any time during or after his employment question his compensation or complain about

2

or request overtime pay.  Courts have split as to whether estoppel and waiver are available as defenses in a Fair Labor Standards Act.  In <u>Forrester v. Roth's I.G.A. Foodliner, Inc.</u>, 646 F.2d 413, 414 (9th Cir. 1981), the Ninth Circuit Court of Appeals found that an employer is not liable for overtime compensation when that employer has no knowledge that an employee is engaging in overtime work and the employee failed to notify the employer or deliberately prevented the employer from acquiring knowledge of the overtime work.  Other circuits that have considered the issue of whether estoppel and waiver are a defense to a Fair Labor Standards Act claim have found that it is not a defense because an employer cannot discharge his obligation to comply with the law by attempting to transfer its statutory burden of accurate record keeping, 29 U.S.C. 211(c), and of appropriate payment, to the employee.  <u>Caserta v. Home Lines Agency, Inc.</u>, 273 F.2d 943, 946 (2d Cir. 1959).  "The employer 'at its peril, * * * had to keep track of the amount of overtime worked by those of its employees in fact within the Act.'" <u>Id.</u> (quoting <u>George Lawley & Son Corp. v. South</u>, 140 F.2d 439, 442 (1st Cir. 1944), <u>cert. denied</u>, 322 U.S. 746, 64 S. Ct. 1156, 88 L. Ed. 1578 (1944).  Even if an employee enters into a written contract or agrees to work beyond the specified time period, an employer is obligated to pay an employee for all hours that he knowingly suffers or permits an employee to work.  <u>Burry v. National Trailer Convoy, Inc.</u>, 338 F.2d 422, 426 (6th Cir. 1964).

Because neither the Supreme Court nor the Eighth Circuit has foreclosed the possibility of a successful estoppel and waiver defense in a suit brought under the Fair Labor Standards Act, the court declines to do so under a motion to strike brought under Rule 12(f).  Oftedal faces a substantial burden to prove the defense of estoppel and waiver, but the court cannot state with certainty that the defense is insufficient as a matter of law.  Therefore, the motion to strike the third and fourth affirmative defenses is denied.

In its fifth defense, Oftedal raises the affirmative defense of fraud and/or deceit.  Pursuant to Fed. R. Civ. P. 9, all averments of fraud must be stated with particularity.  The court previously denied Oftedal's proposed counterclaim for fraud and deceit in its order of November 24, 2004, and its order denying Oftedal's motion to reconsider dated April 28, 2005, after finding that the claim was not stated with sufficient particularity.  Oftedal fails to meet the requirements of Rule 9 here either.  Furthermore, because the fifth defense alleges the exact same claim as the counterclaim for fraud and/or deceit that this court previously denied, to allow Oftedal to plead and prove this paragraph as a defense would effectively permit Oftedal to submit its counterclaim for fraud and/or deceit through the backdoor.  See Xerox Corp. v. ImaTek, Inc., 220 F.R.D. 244, 246 (D. Md. 2004).  Therefore, Oftedal's fifth defense must be stricken for the same reasons as this court previously articulated to deny Oftedal's proposed counterclaim for fraud and/or deceit.

Accordingly, it is hereby

ORDERED that plaintiff Carda's motion to strike is denied as to the third and fourth affirmative defenses and is granted as to the fifth affirmative defense.

Dated May 5, 2005.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE